# SUPERIOR COURT

## OF THE

## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2111

March 28, 2017

John C. Cordrey, Esq.
Reed Smith, LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801

Charles R. Owens
50 Madeline Drive
Brunswick, ME 04011-7173

Deborah D. Statler
123 Blue Beach Road
Dover, DE 19904

RE: *JP Morgan Chase Bank, National Association v. Charles R. Owens & Deborah D. Statler*
*C.A. No. K14L-04-001 JJC*

Submitted: March 12, 2017
Decided: March 28, 2017

Dear Mr. Cordrey and Ms. Statler:

This letter addresses a motion filed by Plaintiff JP Morgan Chase Bank National Association (hereinafter "JP Morgan") seeking summary judgment against Defendants Charles R. Owens and Deborah D. Statler. JP Morgan filed a mortgage foreclosure action in this matter on April 1, 2014, seeking a judgment i*n rem* against them. In the Complaint, JP Morgan included a demand pursuant to 10 *Del.C.* § 3901, requiring the Defendants to answer allegations in the Complaint by affidavit. To date, Defendant Charles Owens has not filed an Answer or responded

in any way. Defendant Deborah Statler (hereinafter "Ms. Statler") answered the Complaint but did not do so with an accompanying affidavit describing her defenses.

JP Morgan alleges various grounds for summary judgment including that the defendants did not comply with the requirements of 10 *Del.C.* § 3901.[1] Ms. Statler opposes the motion on several grounds and claims that she has made fifteen monthly payments on the mortgage since 2008, and that JP Morgan and its predecessor in interest have failed to mediate the matter in good faith. She does not, however, allege that she complied with the requirements of 10 *Del.C.* § 3901 for raising and supporting her defenses by affidavit.

A review of the record reveals that Ms. Statler filed an affidavit on May 19, 2016, more than two years after the complaint was filed. In that affidavit, rather than identifying the nature and character of her defenses or their factual basis, she merely attested to her "[i]ntention to defend and contest the above cited case."

Summary judgment is properly granted in favor of JP Morgan in this case since there are no genuine issues of material fact and JP Morgan is entitled to judgment as a matter of law.[2] Namely, 10 *Del. C.* § 3901 provides in relevant part, that in matters including *scire facias* mortgage actions,

> the plaintiff may specifically require the defendant or defendants to answer any or all allegations in the complaint by an affidavit setting forth the specific nature and character of any defense and the factual basis therefor . . . . If . . . the defendant or defendants [fail] to respond to the designated allegations by affidavit filed with the answer or answers, the designated allegations will be deemed admitted, and default judgment may be entered thereron . . . .

---

[1] *See Coppedge v. U.S. Bank Ass'n,* 35 A.3d 418, 2011 WL 6393197, at *2 (Del. Dec. 19, 2011) (Table) (recognizing that absent a defendant alleging coherent defenses when required to do pursuant to 10 *Del. C.* § 3901, summary judgment is appropriately granted on behalf of the plaintiff).

[2] Super. Ct. Civ. R. 56(c).

Here, JP Morgan, by specific notation on the face of the Complaint, demanded that its allegations be answered by affidavit. Defendant Charles Owens has not responded in any manner. Ms. Statler has (1) not answered by affidavit as required, or (2) separately raised a valid defense to this action. JP Morgan's allegations are deemed admitted by virtue of her non-compliance with the aforementioned statute. As a result, no genuine issue of material fact remains. Accordingly, summary judgment is appropriately entered on behalf of JP Morgan against Ms. Statler and Mr. Owens. Furthermore, to the extent Ms. Statler has an outstanding attempted appeal of the Commissioner's decision denying her motion to amend her answer to include counterclaims, it is denied as untimely.[3]

JP Morgan is entitled to judgment *in rem* in this matter in the amount of $228,722.87, together with interest accruing at the legal rate and costs. Final judgment *in rem* is hereby entered in that amount.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[3] Super. Ct. Civ. R. 132(a)(3)(ii)(providing ten days to appeal a Commissioner's Order by filing written objections to the Order).